IN THE SUPREME COURT OF THE STATE OF DELAWARE

EDWIN SANTIAGO, § 
§ No. 115, 2016
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1410007551
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: June 1, 2016
Decided: June 1, 2016

## ORDER

This 1st day of June 2016, it appears to the Court that:

(1) On March 9, 2016, the appellant, Edwin Santiago, filed a *pro se* notice of appeal from the Superior Court's order of February 19, 2016, sentencing him on a violation of probation. Santiago's opening brief was due to be filed on May 2, 2016 and was not filed.

(2) On May 9, 2016, the Clerk issued a brief delinquency notice advising Santiago that the opening brief must be filed within seven days. The brief delinquency notice was sent to Santiago at the James T. Vaughn Correctional Center, the address Santiago provided in the notice of appeal.

(3) On May 17, 2016, the brief delinquency notice was returned marked "return to sender," "attempted not known," and "unable to forward." Upon

inquiry, the Department of Correction advised the Clerk that the Department's records listed two possible addresses for Santiago, but that Santiago was also listed as "homeless." The Clerk sent additional copies of the brief delinquency notice to Santiago at the addresses provided by the Department of Correction. Although neither brief delinquency notice was returned as undeliverable, Santiago did not file the opening brief.

(4) On May 26, 2016, the Clerk issued notices to show cause, by certified mail, directing Santiago to show cause why the appeal should not be dismissed for his failure to file the opening brief. The notices to show cause were sent to the two addresses provided by the Department of Correction on May 17, 2016. On May 31, 2016, both notices were returned marked "return to sender," "attempted not known," and "unable to forward."

(5) "As a condition for a party appearing pro se, the party must designate a mailing address . . . for the receipt of all notices, papers and orders filed in the case."[*] In this case, the mailing address provided by Santiago is no longer valid and Santiago has not provided the Clerk with a change of address. Under these circumstances, the dismissal of Santiago's appeal is deemed to be unopposed.

---

[*] Del. Supr. Ct. R. 12(c).

2

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 3(b)(2) and 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice